FILED
SUPERIOR COURT
OF GUAM

2021 MAR 12 PM 2: 30

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DEPARTMENT OF PARKS AND RECREATION,<br><br>Petitioner,<br><br>vs.<br><br>CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>and<br><br>LYNDA B. AGUON,<br><br>Real Party in Interest. | SPECIAL PROCEEDINGS<br>CASE NO. SP0046-20<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Petitioner Department of Parks and Recreation's ("DPR") Motion for Reconsideration of Decision and Order Dated September 18, 2020 ("Motion for Reconsideration"). DPR is represented by Assistant Attorney General Donna Lawrence; Respondent Civil Service Commission ("CSC") is represented by Attorney Eric Miller; and Real Party in Interest Lynda B. Aguon ("Aguon") is represented by Attorney John Bell. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

*Dep't of Parks & Rec. vs. CSC (Aguon)*
Case No. SP0046-20
Decision and Order

Page 1 of 7

# BACKGROUND

This matter involves a Petition for Judicial Review of a February 11, 2020 CSC Decision and Judgment in Adverse Action Case No. 19-AA02T, *In the Matter of Lynda B. Aguon vs. Department of Parks and Recreation.* The subject of the adverse action appeal was Aguon's termination from DPR as a Guam Historic Preservation Officer for the Guam Historic Resources Division. (Verified Pet. ¶¶ 5-11, Mar. 13, 2020).

On December 31, 2019, Administrative Law Judge ("ALJ") Eric Miller issued his Findings of Fact, Conclusions of Law, and Recommendations After Hearing on the Merits to Aguon and DPR. (Verified Pet. Ex. 2). ALJ Miller concluded that "Management proved by clear and convincing evidence that allegations number 16 and 17 that Employee was insubordinate in refusing in her May 10, 2019 letter to follow the Director's orders, and by violating a written gag order while her investigation was on-going." *Id.* at p. 7. Accordingly, ALJ Miller recommended that the adverse action be affirmed. *Id.* On January 14, 2020, the CSC held a hearing to determine whether it would accept, modify, or reject the ALJ's recommendation. The CSC voted 4-0 opposing rejection of the recommendation; 3-1 to modify the recommendation; and 3-1 to accept the recommendation. (Verified Pet. Ex. 1). As four (4) commissioners did not affirm the termination, the CSC revoked the adverse action, reinstated Aguon, and awarded her back pay, reasonable attorney's fees and costs. *Id.*

On March 12, 2020, DPR filed a Verified Petition for Writ of Judicial Review; Request for Declaratory Judgment and Rulings Invalidating CSC Practices Pursuant to 5 GCA § 9303(c) and 5 GCA § 9309; Request for Stay of Execution of CSC Decision and Judgment.

On September 28, 2020, this Court granted Aguon's Motion to Dismiss, finding it lacked jurisdiction to review the matter. *See* Dec. & Order, Sep. 28, 2020.

On October 20, 2020, DPR filed a Motion for Reconsideration of the Court's Decision and Order. On November 17, 2020, Aguon filed her Opposition to the Motion for Reconsideration. On December 1, 2020, DPR filed its Reply.

The Court did not receive any responsive pleading to the Motion for Reconsideration from CSC.

*Dep't of Parks & Rec. vs. CSC (Aguon)*
Case No. SP0046-20
Decision and Order

Page 2 of 7

The Court subsequently placed the matter under advisement pursuant to Superior Court of Guam Local Rule 7.1.

## DISCUSSION

DPR moves the Court for reconsideration under Guam Rules of Civil Procedure 59 and 60 in its Motion, and further states in its Reply that the Motion was filed pursuant to "the court's inherent authority prior to a final judgment." *See* Mot. Reconsideration at 2, Oct. 20, 2020; Reply at 3, Dec. 1, 2020.   Aguon first objects to the Motion for Reconsideration on procedural grounds, alleging that the Motion is untimely. *See* Opp'n, Nov. 17, 2020.

The Supreme Court of the United States has recognized that courts have an inherent power to correct mistakes which are not the result of the exercise of judgment. *Gagnon v. United States*, 193 U.S. 451, 56-57 (1904). "A motion for reconsideration may be either a Rule 59 motion or a Rule 60 motion." *Merchant v. Nanyo Realty, Inc.*, 1998 Guam 26 ¶ 7. Motions for reconsideration of trial court decision and orders are also governed by Superior Court of Guam Local Rule CVR 7.1(i), which provides that:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the court before such decision.
>
> No motion for reconsideration shall in any manner repeat oral or written argument made in support of or in opposition to the original motion.

Super. Ct. Guam R. CVR 7.1(i).

Rule 59(e) provides for motions to "alter or amend a judgment" within ten days after entry of the judgment. Guam R. Civ. P. 59(e). The Supreme Court of Guam has held that while GRCP 59(e) "by its terms applies only to judgments . . . [it] has not held that a trial court acts erroneously if it chooses to entertain a Rule 59(e) motion, which concerns a decision rather than

*Dep't of Parks & Rec. vs. CSC (Aguon)*
Case No. SP0046-20
Decision and Order

Page 3 of 7

a judgment." *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Authority*, 2014 Guam 12 ¶ 21 (citation and quotation marks omitted). Motions for reconsideration made under Rule 59(e) are appropriate when the court: "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Id.* (citation omitted). Rule 59(e), however, "is an extraordinary remedy, to be used sparingly." *Id.*

Rule 59(e) motions must be filed within 10 days of the issuance of the order or judgment to be reconsidered. As the Motion for Reconsideration was filed over ten days after the issuance of this Court's Decision and Order in September, the Motion for Reconsideration cannot be brought under Rule 59(e). If a motion is untimely under Rule 59(e), however, it may be construed under Rule 60(b)(6). *See Merchant*, 1998 Guam 26 ¶ 8. "Courts use rule 60(b)(6) relief sparingly as an equitable remedy to prevent manifest injustice and grant relief only where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (citing *U.S. v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir.1993)) (quotation marks omitted). Guam Rules of Civil Procedure Rule 60 provides in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (6) any other reason justifying relief from the operation of the judgment.

Guam R. Civ. P. 60(b). Rule 60(b)(6) also requires the motion to be made within a reasonable time. *Id.* At this time, the Court will allow the Motion for Reconsideration to go forward, finding that it was made within a reasonable time, and noting that there was further developments in case law after the briefing of the Motion to Dismiss pursuant to Local Rule CVR 7.1(i)(2), which may render this Court's prior decision erroneous.

DPR moves for reconsideration of the Court's September 28, 2020 Decision and Order because it alleges there was an intervening change in controlling law: the issuance of Supreme Court of Guam opinion *Guam Police Dep't v. Civil Service Comm'n (Charfauros)*, 2020 Guam

*Dep't of Parks & Rec. vs. CSC (Aguon)*
Case No. SP0046-20
Decision and Order

Page 4 of 7

12. *See generally*, Mot. Reconsideration, Oct. 20, 2020. Aguon opposes, arguing that *Charfauros* does not apply to this case. *See generally*, Opp'n, Nov. 17, 2020.

At issue in the initial Motion to Dismiss was whether the thirty (30) day clock for filing a timely appeal commenced upon the receipt of a written Decision and Judgment or upon the CSC's signing of the Decision and Judgment. (Dec. & Order at 4, Sep. 28, 2020). "The exercise of this right of judicial review [of CSC decisions] has developed on Guam in an *ad hoc* manner." *Carlson v. Perez*, 2007 Guam 6 ¶ 61. The "CSC later adopted the 30-day rule through the rule-making process of the Administrative Adjudication Law." *In re Dep't of Agriculture vs. Civil Serv. Comm'n (Rojas)*, 2009 Guam 19 ¶ 14 (citing CSC AA Rule 11.78.8, Rules of Procedure for Adverse Action Appeals, effective Mar. 5, 2002).

After amended CSC rules were adopted in 2010, 4 G.C.A. § 4406 was amended in 2018 to include a subsection regarding judicial review, which set forth that "[t]he government department, agency, instrumentality, or the employee may petition the Superior Court for judicial review of an adverse action appeal only after the appeal has been heard by the Commission and a final written or oral decision has been issued." 4 G.C.A. § 4406(f)(1)(a) (as amended by P.L. 34-145 (Dec. 12, 2018)). No further statutory language was provided, however, regarding procedures for obtaining judicial review. In *Carlson,* the Supreme Court of Guam held that "in cases where the agency's statutes require appeal to the CSC, the CSC and its implementing rules and regulations set forth procedures for judicial review of the CSC decision, and the aggrieved party must follow those specific procedures." 2007 Guam 6 ¶ 66. Accordingly, this Court found that "based on a review of the development of the procedures for petitions for judicial review of CSC decisions and the current CSC Adverse Action Appeal Rules of Procedure, it is clear that the thirty (30) day time frame begins when the CSC's final decision is *entered*, as defined in Rule 11.7.5 ("A judgment is entered . . . on the date a majority of the Commissioners sign the judgment at a Commission meeting attended by a sufficient number of Commissioners to constitute a quorum."), as opposed to when it is *served*." (Dec. & Order at 6-7).

*Dep't of Parks & Rec. vs. CSC (Aguon)*
Case No. SP0046-20
Decision and Order

Page 5 of 7

DPR now argues that pursuant to *Charfauros* (which was issued after the briefing period closed for the Motion to Dismiss), the Administrative Adjudication Law ("AAL") governs judicial review of CSC decisions, and not the CSC regulations. (Mot. Reconsideration at 3). In *Charfauros*, the Supreme Court found that "the AAL governs hearings before the CSC – and the CSC's adverse action hearing rules are valid to the extent they do not contravene the hearing requirements under Article 2 of the AAL." 2020 Guam 12 ¶ 35. In coming to this conclusion, the Supreme Court found that "the Legislature intended to empower the CSC to adopt rules for its hearings in light of, not instead of, the AAL . . . meaning while the CSC can adopt rules for its adverse action appeal hearings, those rules still must be consistent with the AAL." *Id.* at ¶ 31. The legislative history "reveals the Legislature's intent to replace the former regime, which expressly excluded the CSC's rules from the AAL's ambit, to the current regime in which the CSC's rules are expressly subject to the AAL" and that it's "decisions have shown the AAL applies to CSC adverse action hearings." *Id.* at ¶¶ 32 – 33. Because "the CSC's procedures 'shall be conducted pursuant to the provisions' of the AAL per 5 GCA § 9200," the Court finds that the application of the AAL extends to judicial review of CSC decisions. *See id.* at ¶ 23. Accordingly, the CSC's rules would be subject to 5 G.C.A. § 9233, Decision: Effective Date.

Section 9233 provides that "[t]he decision shall become effective thirty (30) days after it is delivered or mailed to respondent unless a reconsideration is ordered within that time, or the agency orders that the decision shall become effective sooner, or a stay of execution is granted." CSC AA Rule 11.7.8 provides that "[j]udicial review of the judgment of the CSC may be had by filing appropriate pleadings with the Superior Court of Guam within thirty (30) days after judgment is entered." CSC AA Rule 11.7.8, Rules of Procedure for Adverse Action Appeals, effective Mar. 1, 2010. Reading 5 GCA § 9233 and Rule 11.7.8 together, because the "CSC's rules are expressly subject to the AAL," *Charfauros*, 2020 Guam 12 ¶ 32, the Court finds that the thirty (30) day time frame commences after the CSC Decision and Judgment is delivered or mailed to respondent, unless reconsideration or another intervening event under 5 G.C.A. §

*Dep't of Parks & Rec. vs. CSC (Aguon)*
Case No. SP0046-20
Decision and Order

Page 6 of 7

9233.[1]  DPR and Aguon, as respondent, were served the CSC's Decision and Judgment on February 12, 2020.  *See* Verified Pet. ¶ 12; Ex. 1.  As no reconsideration was subsequently ordered, thirty days from February 12, 2020 would be March 13, 2020, the day the Verified Petition was filed.  Accordingly, the Petition was timely, and the Court has jurisdiction over this matter.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS DPR's Motion for Reconsideration.    A remote Scheduling Conference is set for _April 29, 2021_ at _2:15_ p.m. via teleconference.  To appear for this remote hearing via teleconference, please dial **969-7000** and enter meeting ID number **116-7473-0337.**

**IT IS SO ORDERED** this 12th day of March, 2021.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

---

[1]  The AAL defines "respondent" as "any person against whom an accusation is filed or against whom a statement of issues is filed pursuant to this Chapter." 9 G.C.A. § 9105.  Accordingly, the respondent in this case would refer to Aguon, the employee against who adverse action was taken.

*Dep't of Parks & Rec. vs. CSC (Aguon)*
Case No. SP0046-20
Decision and Order

Page **7** of 7